```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**McCRAE LAW FIRM, PLLC**                                    **PLAINTIFF**

**v.**                                    CAUSE NO. 3:17-CV-704-DCB-LRA

**BARRY W. GILMER, <u>et</u> <u>al</u>**.                              **DEFENDANTS**


## <u>ORDER AND OPINION</u>

This cause is before the Court on Plaintiff McRae Law Firm, PLLC's Motion to Remand **[Doc. 3]** and Motion to Waive the notice requirement of Federal Rule of Civil Procedure 11 **[Doc. 6]**. Having considered the motions, the responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I.   BACKGROUND

This is a long-running fee dispute between two Mississippi law firms. The parties are non-diverse, the complaint rests upon purely state-law theories, and the case has twice been remanded. And now — for a third time — the defendant law firm removes this action to this Court. In so doing, it posits that a complaint filed by the plaintiff law firm in another case is an "other paper" upon which this Court may base its jurisdictional determination. The plaintiff law firm moves to remand and requests sanctions.

On July 21, 2016, Plaintiff McRae Law Firm, PLLC ("McRae") sued Defendant Barry W. Gilmer and his law firm (collectively, "Gilmer") in the Chancery Court of the First Judicial District of Hinds County on state-law quasi-contract and breach of fiduciary duty theories.

McRae complains that Gilmer wrongfully retained settlement proceeds from a legal malpractice suit. Although both firms assisted the plaintiff in that suit, McRae insists that Gilmer's involvement was minimal and that his fee should so reflect.

Less than one month after McRae filed the state-court complaint, Gilmer removed the case. [Doc. 3-2] Gilmer's notice of removal invoked diversity and federal-question jurisdiction, however, the Court disclaimed the existence of either and remanded the case. [Doc. 3-3]

One month after the Court's Order of Remand, Gilmer again removed the case. [Doc. 3-5] This time, Gilmer premised federal jurisdiction on his "federally protected right to a jury trial." [Doc. 3-5]. The Court remanded the case in a one-page order. [Doc. 3-6]

For the third time, Gilmer removes this action to this Court. [Doc. 1] Gilmer's latest jurisdictional theory is that a RICO complaint McRae filed in another federal-court case is an "other paper" creating federal-question jurisdiction in this case.

## II. DISCUSSION

**A. Removal Jurisdiction**

Gilmer may remove McRae's state-court suit to this Court if the suit is one which McRae could have originally brought in federal court. 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332.

The Court is without diversity jurisdiction because McCrae's state-court complaint confirms that McRae and at least one of the Gilmer Defendants are Mississippi citizens. See 28 U.S.C. § 1332(a); Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) (citation and quotation omitted).

The Court has federal-question jurisdiction if McRae's state-court complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts apply the well-pleaded complaint rule to decide whether a complaint asserts a claim arising under federal law. Beiser v. Weyler, 284 F.3d 665, 671 (5th Cir. 2002) (citing Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908)).

The well-pleaded complaint rule holds that "a federal court does not have federal-question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." Elam v. Kansas City Southern Ry. Co., 635 F.3d 796,

803 (5th Cir. 2011). Here, no such federal question appears on the face of McRae's state-court complaint.

But the well-pleaded complaint rule has an exception — the "artful pleading" doctrine. It allows a defendant to remove a case "if the plaintiff fails to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). The doctrine applies "only where state law is subject to complete preemption." Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008) (emphasis removed). Here, the artful pleading doctrine does not apply because not one of the claims McCrae asserts in his state-court complaint is completely preempted by federal law.

Next, Gilmer invites the Court to overlook the absence of a federal question on the face of McRae's state-court complaint and to instead consider federal claims presented in a federal-court complaint McRae has filed in another case. [Doc. 11, pp. 17-21]

A defendant may remove a case that initially appeared non-removable within thirty days of receipt of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Resisting remand, Gilmer contends McRae's federal-court complaint in another case is an "other paper" under § 1446(b)(3).

4

Subject to one exception not relevant here, courts interpret "other paper" under § 1446(b)(3) as a paper generated in the state-court action that the defendant has removed.[1] See, e.g., Rynearson v. Motricity, Inc., 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009); Lozano v. GPE Controls, 859 F. Supp. 1036, 1039 (S.D. Tex. 1994).

The only law which could conceivably support Gilmer's theory of jurisdiction is a sixty-year-old district court opinion characterizing as an "other paper" an answer filed in a concurrent lawsuit "so clearly incidental and ancillary to the original action as to be, in purpose and effect, a continuation of it." Hamilton v. Hayes Freight Lines, 102 F. Supp. 594, 596 (E.D. Ky. 1952). But there, unlike here, the basis for removal was diversity jurisdiction. Gilmer has not identified, and this Court is unaware of, any opinion — precedential or not — permitting a defendant to pluck a federal-question from a plaintiff's complaint in another federal-court case and apply it to a pending state-court suit asserting only state-law claims.

---

[1] The Fifth Circuit has carved out one exception to the principle, though not under the "other paper" doctrine: a judicial decision "in an unrelated case, but which involves the same defendant, a similar factual situation, and the question of removal" can constitute an "order" under § 1446. See Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 267 (5th Cir. 2001) (per curiam). But no court has held that a complaint in another case involving the same defendant is an "other paper" sufficient to supply federal-question jurisdiction, as Gilmer asks this Court to hold.

Gilmer's novel theory of removal jurisdiction is as unmoored from relevant policies as it is unsupported by law. Indeed, the "other paper" doctrine is sparingly applied when federal-question jurisdiction is claimed. Eggert v. Britton, 223 Fed. App'x 394, 397 (5th Cir. 2007) (per curiam). And for good reason — looking to an "other paper" as grounds for federal-question jurisdiction displaces the well-pleaded complaint rule.

Besides dislodging the well-pleaded complaint rule itself, Gilmer's theory would erode the policies undergirding it. For starters, Gilmer's expansive interpretation of "other paper" would restrict a plaintiff's ability to litigate her claim as she sees fit. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (disapproving of proposed interpretation of rule limiting a plaintiff's choice of forum). Indeed, the U.S. Supreme Court has held for over a century that the plaintiff is the master of her complaint. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon.") (Holmes, J.). And so the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Gilmer's theory of removal jurisdiction would, practically speaking, bar a plaintiff from concurrently litigating her state-

6

law claims in state court and her federal claims in federal court. Indeed, any time a plaintiff desired to so litigate, the defendant could simply point to the federal-court complaint and remove the state-court action. That is not federalism. See, e.g., Noel v. Hall, 341 F.3d 1148, 1159 (9th Cir. 2003) (recognizing the inability of a federal court to prevent a party from simultaneously pursuing claims in state and federal courts); Carpenter v. Wichita Falls Ind. Sch. Dist., 44 F.3d 362, 371 (5th Cir. 1995) ("[C]oncurrent state and federal proceedings are generally tolerated.").

The Court declines Gilmer's invitation to construe McRae's federal-court complaint in another case as a basis for federal-question jurisdiction in this case. Accordingly, the Court lacks subject-matter jurisdiction and remand is required.

**B. Costs**

The Court is empowered to require Gilmer, as the removing party, to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs under § 1447(c) is not a sanction, News-Texan, Inc. v. City of Garland, Tex., 814 F.2d 216, 220 (5th Cir. 1987), and is appropriate here only if Gilmer lacked an objectively reasonable basis for removal. Martin v. Franklin Capital Corp.,

546 U.S. 132, 141 (2005); see also Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009).

To determine objective reasonableness, the Court considers "relevant case law on subject-matter jurisdiction at the time of removal." CamSoft Data Sys., Inc. v. Southern Elec. Supply, Inc., 638 Fed. App'x 255, 260 (5th Cir. 2015) (per curiam) (internal quotations omitted); see also Ngo v. PM/CTS, LLC, 4:15-cv-1644, 2015 WL 5458598, at *4 (S.D. Tex. Sept. 15, 2015) (awarding costs when defendant removed case based on an "other paper" that defendant contended supplied federal-question jurisdiction).

An award of "just costs" is appropriate. Gilmer lacked an objectively reasonable basis to remove McRae's state-court complaint because his position —— that a plaintiff's complaint in a separate federal-court case is an "other paper" upon which this Court may obtain federal-question jurisdiction —— finds no support in any opinion, binding or otherwise, and contravenes settled law limiting the application of the "other paper" doctrine in federal-question-based removals. This is not a complex issue on which the law is uncertain.

This is the third time Gilmer has removed this case. Gilmer's repeated removals have "delay[ed] resolution of the case, impose[d] additional costs on both parties, and waste[d] judicial resources." Martin, 546 U.S. at 140. Discounting the objective

unreasonableness of the theory of jurisdiction Gilmer advances in his notice of removal and memorandum opposing remand, requiring Gilmer to pay costs under § 1447(c) "reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Id. at 140.

The parties shall confer on an appropriate award of fees and expenses, and shall, within ten days, notify the Court of the amount agreed. If the parties cannot agree, the Court shall schedule an evidentiary hearing to determine the amount.

**C. Sanctions**

**i). On McRae's Motion**

McRae moves for sanctions under Federal Rule of Civil Procedure 11 and asks the Court to excuse his non-compliance with the rule's notice and safe-harbor requirements. See FED. R. CIV. P. 11(c)(1)-(2).

The twenty-one day safe-harbor provision is mandatory. Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). Thus, the Court denies McRae's motion to waive notice requirements and for sanctions.

**ii). On the Court's Initiative**

The Court may on its own initiative sanction a party or its attorney. FED. R. CIV. P. 11(c)(3); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Whether to impose Rule 11 sanctions is a

9

collateral issue that the Court may address post-remand. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990); see also Ratliff v. Stewart, 508 F.3d 225, 231 (5th Cir. 2007).

The Court may impose a pre-filing injunction to "deter vexatious, abusive, and harassing litigation." Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 187 (5th Cir. 2008); see also 28 U.S.C. § 1651. The injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Id. at 187.

A pre-filing injunction may be necessary to deter Gilmer from removing this action for a fourth time. See, e.g., Hatcher v. Ferguson, 664 Fed. App'x 308, 311 (4th Cir. 2016)(affirming district court's order prohibiting defendant from removing the same action for a fourth time); Sanders v. Farina, 197 F. Supp. 3d 892, 902 (E.D. Va. 2016)(imposing $500 sanction on defendant for third unsuccessful removal attempt and enjoining defendant from attempting to remove the case again).

The Court therefore orders Gilmer to show cause why the Court should not enjoin him from submitting any additional filings under 28 U.S.C. §§ 1441 and 1446 in federal court or in the Chancery Court of the First Judicial District of Hinds County with regard to the state-court complaint without first obtaining approval to do so from this Court.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Plaintiff McRae Law Firm, PLLC's Motion to Remand **[Doc. 3]** is **GRANTED**.

**FURTHER ORDERED** that Plaintiff McRae Law Firm, PLLC's Motion for Sanctions and to Waive Notice **[Doc. 6]** is **DENIED**.

**FURTHER ORDERED** that Defendants Barry Wade Gilmer, Gilmer Law Firm, PA, and Gilmer Law Firm, PLLC shall pay Plaintiff McRae Law Firm, PLLC the just costs and any actual expenses, including attorney fees, Plaintiff has incurred as a result of this removal. The parties shall confer on an appropriate award of fees and expenses, and shall, within ten days of entry of this Order, notify the Court of the amount agreed. If the parties cannot agree, the Court will schedule an evidentiary hearing to determine the amount.

**FURTHER ORDERED** that Defendants Barry Wade Gilmer, Gilmer Law Firm, PA, and Gilmer Law Firm, PLLC have ten days from entry of this Order to show cause to this Court why it should not enjoin Defendants from submitting any additional filings under 28 U.S.C. §§ 1441, 1446 in federal court or in the Chancery Court of the First Judicial District of Hinds County with regard to the state-court complaint without first obtaining approval to do so from this Court.

A separate Order of Remand transferring the above-styled cause to the Chancery Court of the First Judicial District of Hinds

County shall issue this day. The Court retains collateral jurisdiction over the discrete issues of the amount of just costs due to Plaintiff and the propriety of a pre-filing injunction sanction under Federal Rule of Civil Procedure 11.

**SO ORDERED,** this the 3rd day of January, 2018.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE