IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MCRAE LAW FIRM, PLLC                                    PLAINTIFF


V.                                    CAUSE NO. 3:17-CV-704-DCB-LRA


BARRY W. GILMER, et al.                                DEFENDANTS


ORDER AND OPINION

Before the Court is Plaintiff McRae Law Firm, PLLC's Motion **[Doc. 14]** to recover the costs and expenses, including attorney fees, it incurred as a result of Defendant Barry W. Gilmer's objectively unreasonable removal of this action.

**Background**

By Order dated January 3, 2018, the Court remanded this action, concluded that Gilmer lacked an objectively reasonable basis for removing it, and awarded McRae Law Firm, PLLC ("McRae Firm") costs under 28 U.S.C. § 1447(c). See Doc. 13.

The Court directed Gilmer and the McRae Firm to confer on an appropriate award. They did not. So the responsibility shifts to the Court to set an appropriate award under § 1447(c).

The McRae Firm asks the Court to award it unspecified expenses and nearly $8,000 in legal fees. In support, the McRae Firm offers

only the name of the attorney or para-professional, their hourly rate, and the number of hours they worked on the case. No affidavits are offered; no bills are produced.[1] Gilmer opposes McRae's Motion, complaining it lacks detail and ignores the lodestar method.

I

Gilmer owes the McRae Firm the just costs and actual expenses, including attorney fees, it incurred as a result of Gilmer's removal —— his third —— of this action. 28 U.S.C. § 1447(c). To determine the attorney fee portion of the award, the Court conducts a two-step analysis. Portillo v. Cunningham, 872 F.3d 728, 741 (5th Cir. 2017).

First, the Court calculates the lodestar —— "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." Combs v. City of Huntington, Tex., 829 F.3d 388, 392 (5th Cir. 2016).

Second, the Court considers whether to alter the lodestar based on the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted

---

[1] The McRae Firm is not entitled to any costs associated with any of Gilmer's other failed removals, only those incurred as a result of this one. See Doc. 1, Notice of Removal.

this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Union Asset Mgmt. Holding A.G. v. Dell, Inc. 669 F.3d 632, 642 n. 25 (5th Cir. 2012).[2]

As the party seeking fees, the McRae Firm must "present adequately documented time records." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993). Documentation is adequate if it provides the Court the information it needs to "fulfill its duty to examine the application for noncompensable hours." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) (internal quotation marks and citation omitted).

The attorney fee calculation is fact-intensive. Hopwood v. State of Texas, 236 F.3d 256, 281 (5th Cir. 2000). Hourly rates are not fixed by the fee-seeking-party's description; they are computed based on the "prevailing market rates in the relevant legal market." Id. at 281.

---

[2] The Fifth Circuit first articulated these factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

3

The relevant legal market is the Southern District of Mississippi. See Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002). And a reasonable hourly rate is shown through affidavits of other attorneys practicing in the Southern District of Mississippi. Id. at 368.

II

The Court lacks the information it needs to determine the amount of just costs and expenses, including attorney fees, the McRae Firm has incurred as a result of Gilmer's removal. The Court therefore denies without prejudice the McRae Firm's First Motion for Costs and Expenses and grants it leave to file a renewed motion within fifteen days.

The McRae Firm's renewed motion should provide the Court with sufficient information to conduct the analysis described in section "I" of this Order. If it fails to do so, the Court may, in its discretion, deny the relief sought or schedule an evidentiary hearing.

Accordingly,

IT IS ORDERED that Plaintiff McRae Law Firm, PLLC's First Motion for Recovery of Costs and Fees **[Doc. 14]** is DENIED WITHOUT PREJUDICE.

FURTHER ORDERED that Plaintiff McRae Law Firm, PLLC shall file a properly-supported motion for just costs and expenses, including attorney fees, within fifteen days of entry of this Order.

FURTHER ORDERED that Defendant Barry W. Gilmer shall file his response to Plaintiff McRae Law Firm, PLLC's renewed motion for just costs and expenses, including attorney fees, within fifteen days of Plaintiff McRae Law Firm, PLLC's filing of its renewed motion.

SO ORDERED this the 11th day of April, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE