IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MCRAE LAW FIRM, PLLC                                              PLAINTIFF

V.                                       CAUSE NO. 3:17-CV-704-DCB-LRA

BARRY W. GILMER, et al.                                           DEFENDANTS

ORDER

Defendants Barry Wade Gilmer and the Gilmer Law Firm move the Court **[Doc. 32]** to strike the affidavit of John Corlew, which Plaintiff McRae Law Firm, PLLC offers in support of its motion to recover the costs and expenses, including attorney fees, it incurred as a result of Gilmer's objectively unreasonable removal of this action.

**Background**

This dispute remains before the Court because Gilmer and the McRae Firm cannot agree on the amount of costs and expenses Gilmer owes the McRae Firm under 28 U.S.C. § 1447(c) and in accordance with this Court's Order and Opinion of January 3, 2018.

On January 3, 2018, the Court remanded this action, concluded that Gilmer lacked an objectively reasonable basis for removing

it, and awarded the McRae Firm costs under 28 U.S.C. § 1447(c). See Doc. 13.

Two weeks later, the McRae Firm moved the Court to award it $7,900 in costs, expenses, and attorney fees. But the motion lacked the requisite detail. So the Court denied the motion without prejudice and directed the McRae Firm to file a properly-supported motion within fifteen days. See Doc. 23.

The McRae Firm timely filed a renewed motion for costs and expenses on May 11, 2018. See Doc. 28. In its renewed motion, the McRae Firm explained that attorney John Corlew agreed to provide an affidavit supporting the reasonableness of the requested attorney-fee award. The McRae Firm further explained that because Mr. Corlew was recovering from surgery, he needed a few extra days to prepare the affidavit.

The McRae Firm filed Mr. Corlew's affidavit one week later, and Gilmer now moves the Court to strike it as untimely.

I

The Court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f) (emphasis added).

Mr. Corlew's affidavit is not a "pleading" under Federal Rule of Civil Procedure 7(a), so it cannot be struck under Federal Rule

of Civil Procedure 12(f). See, e.g., South Annville Tp. v. Kovarik, No. 1:13-CV-1780, 2014 WL 199020, at *5 (M.D. Pa. Jan. 16, 2014); King v. North Carolina Dep't of Pub. Safety, No. 5:12-CV-152-F, 2014 WL 69601, at *1 (E.D.N.C. Jan. 8, 2014); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1380 (3d ed.).

Even if Gilmer's Motion to Strike were procedurally proper, the Court would deny it. Gilmer is in no way prejudiced by the McRae Firm's modest delay in offering Mr. Corlew's affidavit. The affidavit contains nothing Gilmer would not have anticipated; it simply says that the rates the McRae Firm includes in its renewed motion for costs are reasonable for the region. And even if the contents of Mr. Corlew's affidavit surprised Gilmer, he will not be prejudiced by it because the Court will grant him fourteen days to file an opposition to the McRae Firm's renewed motion.

Accordingly,

IT IS ORDERED that Defendants' Motion to Strike the Affidavit of John Corlew is DENIED.

FURTHER ORDERED that any opposition to Plaintiff's Renewed Motion to Recover Costs shall be filed within fourteen days of entry of this Order.

SO ORDERED, this the 31st day of May, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE