IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

**MCRAE LAW FIRM, PLLC**                                              **PLAINTIFF**

**V.**                                             **NO. 3:17-CV-704-DCB-LRA**

**BARRY W. GILMER, <u>et</u> <u>al</u>.**                              **DEFENDANTS**

<u>**ORDER AND OPINION**</u>

Plaintiff McRae Law Firm, PLLC moves the Court for an order awarding it $10,636.80 in costs, expenses, and attorney fees it argues that it incurred opposing Defendant Barry W. Gilmer's removal of this case. For the reasons that follow, the Court GRANTS the motion IN PART, reduces the requested award by $5,145.40, and awards the McRae Firm $5,491.40 in just costs and actual expenses, including attorney fees, under 28 U.S.C. § 1447(c).

**I. Background**

This fee dispute arises from Gilmer's objectively unreasonable removal of this case. Gilmer has removed this case to federal court three times; each effort has failed.

The McRae Firm sued Gilmer and his firm in Hinds County Chancery Court, alleging Gilmer wrongfully retained settlement proceeds from a legal malpractice suit in which both firms assisted the plaintiff. Gilmer removed the case to this Court, arguing that a RICO complaint the McRae Firm filed in another federal case is an "other paper" that created federal question jurisdiction in this case. See 28 U.S.C. § 1446(b)(3) (permitting removal within thirty days of receipt of a copy of an "other paper from which it may first be ascertained that the case is one which is or has become removable."). The McRae Firm moved to remand.

The Court remanded the case, concluded that Gilmer lacked an objectively reasonable basis for removing it, and determined that the McRae Firm should recover its just costs and actual expenses, including attorney fees, under 28 U.S.C. § 1447(c). See Doc. 13.

The McRae Firm now asks the Court to award it $10,280.40 in fees and $356.40 in expenses. In support, the McRae Firm marshals the affidavits of its counsel and of attorney John Corlew. Gilmer opposes the motion. He argues that any fee award would be unjust and unconstitutional because "this litigation is the concerted, personally motivated pursuit" of the McRae Firm. In support, Gilmer offers the affidavit of attorney William Stubbs.

**II. Attorney Fees**

Gilmer owes the McRae Firm the just costs and actual expenses, including attorney fees, that the McRae Firm incurred as a result of Gilmer's objectively unreasonable removal of this case. 28 U.S.C. § 1447(c). The Court's § 1447(c) award is limited to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997). To calculate the attorney fee portion of the award, the Court conducts a two-step analysis. Portillo v. Cunningham, 872 F.3d 728, 741 (5th Cir. 2017).

**A. Lodestar**

The first step is calculating the lodestar. To do so, the Court takes the number of hours the McRae Firm's attorneys and paraprofessionals reasonably expended opposing Gilmer's removal and multiplies that number by the prevailing hourly rate in this market for similar work. Combs v. City of Huntington, Tex., 829 F.3d 388, 392 (5th Cir. 2016).

**1. Time Spent Opposing Removal**

To oppose Gilmer's removal of this case, the McRae Firm enlisted three attorneys, one legal assistant, and one paralegal. The McRae Firm's itemization claims that these professionals spent

3

33.3 hours opposing Gilmer's removal.[1] Almost 18 of those hours are attorney time. Eighteen attorney hours to prepare a motion to remand and supporting brief strikes the Court as unreasonable. Particularly so when the theory of removal is meritless, as Gilmer's was here. See Combs, 829 F.3d at 392 (The lodestar calculation excludes "all time that is excessive, duplicative, or inadequately documented.").

The maximum number of hours the McRae Firm's attorneys could reasonably have expended opposing Gilmer's removal is closer to sixteen. For purposes of calculating the lodestar, the Court will subtract half an hour from the time claimed by attorneys Biegel, McRae, and Martin, each.

### 2. Prevailing Hourly Rate

The McRae Firm asks the Court to award it fees at the following hourly rates:

- $250 for attorney Michele Biegel of the Law Office of B. Ruth Johnson, PLLC

- $400 for attorney Chuck McRae of the McRae Firm

- $300 for attorney Drew Martin of the McRae Firm

---

[1] The Court's analysis is complicated by the fact that the attorneys enlisted by the McRae Firm do not use itemized billing. See Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) ("[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for non-compensable hours.").

- $90 for a legal assistant of the Law Office of B. Ruth Johnson, PLLC
- $125 for a paralegal of the McRae Firm

Attorney Michele Biegel has practiced law for 15 years. The requested hourly rate of $250 is reasonable in this market for an attorney of Biegel's experience presented with the straightforward jurisdictional issues raised by Gilmer's removal. See Lamar Co. v. Harrison Cnty. Sch. Dist, 1:17-CV-206-LG-RHW, 2017 WL 6452274, at *2 (S.D. Miss. Dec. 18, 2017)(finding that an hourly rate of $250 is reasonable for an attorney with 17 years of experience).

Attorney Chuck McRae has practiced law in federal and state courts in Mississippi for over 40 years. But the requested hourly rate of $400 is excessive; this litigation is not complex. See Jones v. Singing River Health Sys., No. 1:14-CV-447-LG-RHW, 2016 WL 3248449, at *3 (S.D. Miss. June 10, 2016) (finding that an hourly rate of $400 is appropriate for complex civil litigation). An hourly rate of $350 is reasonable in this market for an attorney of McRae's experience handling a case presenting basic questions of federal jurisdiction.

Attorney Drew Martin has practiced law for 16 years. In a case like this one, $300 is a reasonable hourly rate for an attorney of Martin's experience.

As for the requested paralegal and legal assistant time, the Court lacks necessary information. "Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001). The McRae Firm has not shown that any of its paraprofessionals' work was legal in nature, so the Court cannot include the requested paralegal and legal assistant time as part of its § 1447(c) award.

Having considered the number of hours reasonably expended, and the prevailing hourly rate in this market for attorneys of this experience performing legal work in this subject area, the Court calculates the lodestar as follows:

| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
|:---:|:---:|:---:|:---:|
| Biegel | $250 | 2.7 | $675 |
| McRae | $350 | 8.8 | $3,080 |
| Martin | $300 | 4.6 | $1,380 |
| **Total** | * * * | 16.1 | **$5,135** |

The lodestar calculation in this case is $5,135. The Court turns next to the second step in the attorney-fee analysis and asks whether the lodestar should be enhanced or decreased based on

6

the twelve Johnson factors.[2] Combs, 829 F.3d at 392. The Court emphasizes, however, the "strong presumption that the lodestar is sufficient." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010).

**B. Johnson Factors**

To decide if it should enhance or decrease its $5,135 lodestar calculation, the Court considers: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services adequately; (4) preclusion of other employment by the attorneys because they accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Union Asset Mgmt. Holding A.G. v. Dell, Inc., 669 F.3d 632, 642 & n.25 (5th Cir. 2012).

---

[2] The Fifth Circuit first articulated the Johnson factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

7

The Court's Johnson factor analysis must not "double count" any criterion. In other words, the Court cannot adjust the lodestar based on a Johnson factor it already considered when it calculated the lodestar. Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013).

The Court declines to adjust the lodestar amount based on the novelty of the issues, the skill and experience of counsel, the quality of the representation, and the results obtained because those factors are "fully reflected in the lodestar amount." In re Pilgrim's Pride Corp., 690 F.3d 650, 656 (5th Cir. 2012) (citation omitted). After considering the remaining Johnson factors, the Court concludes that no adjustment is warranted, so the total attorney-fee award under § 1447(c) is $5,135.

**III. Expenses**

The McRae Firm asks the Court to award it $356.40 in printing and copying expenses. In support, it offers an affidavit in which McRae attests that his firm's copy and print costs are recorded by matter rather than by date range. He attests that $356.40 represents 15% of the copy and print costs associated with this matter, i.e., Gilmer's three removals of this case. The Court finds that McRae's request is reasonable and will award the McRae Firm $356.40 in printing and copying expenses.

**IV. Conclusion**

Gilmer's repeated removals of this case have delayed its resolution and burdened the McRae Firm and its legal team. But § 1447(c) does not give the Court blanket authority to sanction Gilmer or to tax him with an unsupported attorney-fee award. And the Court's discretion is further constrained by the lodestar method and Johnson. Having considered both, the McRae Firm has proved that it is entitled to only $5,491.40 of the $10,636.80 it requests.

Finally, the unreasonable legal positions Gilmer has taken in each of his three removals suggest that Gilmer's goal is to harass the McRae Firm, in violation of Federal Rule of Civil Procedure 11. The Court cautions Gilmer against removing this case for a fourth time and warns Gilmer that another frivolous removal will result in stiffer sanctions, monetary and otherwise.

Accordingly,

IT IS ORDERED that Plaintiff McRae Law Firm, PLLC's second motion for recovery of costs and fees **[Doc. 28]** is GRANTED IN PART.

FURTHER ORDERED that Plaintiff McRae Law Firm, PLLC is awarded $5,491.40, representing the just costs and actual expenses, including attorney fees, it incurred as a result of Defendants' objectively unreasonable removal of this case from the Chancery Court of the First Judicial District of Hinds County.

SO ORDERED, this the 26th day of July, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE